UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHENG-WEN CHENG, individually                CLASS ACTION
and on behalf of a class of all
others similary situated,                    COMPLAINT

                    Plaintiffs,

      -against-                              No.

UNITED STATES OF AMERICA,                    DEMAND FOR

                   Defendant.            JURY TRIAL

---

PRELIMINARY STATEMENT

1. This is a federal question action in which named Plaintiff, Sheng-Wen Cheng, on behalf of himself and a class of similary situated individuals, seeks relief for the Defendant's violations of their rights, privileges, and immunities secured by the Administrative Procedure Act ("APA"), and the Fifth Amendment to the United States Constitution.

2. The Defendant in this action, United States of America, has implemented and is continuing to enforce, encourage, and saction a policy, practice, and/or custom of barring federal prisoners with immigration detainer but without a final order or removal/deportation from applying First Step Act ("FSA") earned time credits to their sentences, including the named Plaintiff; which is being done in contrary to established federal law, exceeding its statutory authority, and violating the equal protection required under the Fifth Amendment.

3. Additionally, Defendant United States of America, has implemented and is continuing to enforce, encourage, and sanction a policy, practice, and/or custom of failing to ensure that any alien described in section 212 or 237 of the Immigration and Nationality Act (8 U.S.C.§1182,1227) who seeks to earn time credits are subject to proceedings described in section 238 (a) of that Act (8 U.S.C.§1228(a)) at a date as early as possible during the prisoner's incarceration, including the named Plaintiff. Which is being done contrary to established federal law and exceeding its statutory authority.

4. As a direct and proximate result of the Defendant's policies, practices, and/or customs, thousands of federal prisoners with immigration detainer but without a final order of removal/deportation, have been subjected to unconstitutional and arbitray decisions made by the Defendant United States of America. When in fact these prisoners, including the named Plaintiff, can apply FSA earned time credits to their sentences, and are entitled to immigration removal proceedings as early as possible during their incarcerations.

5. The named Plaintiff seeks to represent a certified class for the purpose of obtaining injunctive and declaratory relief only. The named Plaintiff seeks a class-wide judgement declaring that the policies, practices, and/or customs described herein violate the APA and the Fifth Amendment, and a class-wide injunction enjoining the Defendant from continuing such policies, practices, and/or customs. In additions, the named Plaintiff seeks compensatory and punitive damages and service fees for himself. All Plaintiffs seek an award of attorney fees, the costs of this suit, and such other relief at this Court deems equitable and just.

## JURISDICTION

6. Jurisdiction is conferred upon this Court under 28U.S.C.§1331, as this action seeks redress for the violations of APA and constitutional right.

7. The sovereign immunity of Defendant United States of America is waived under 5U.S.C§702, and the Plaintiffs' claims are not barred under 18U.S.C.§3625 as the Plaintiffs are challenging the Subchapter D of 18U.S.C.§229 only.

8. Plaintiffs' claims for declaratory and injunctive relief are authorized by 5U.S.C§706(2)(A), 28U.S.C.§§2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

## VENUE

9. Venue is proper in this Court pursuant to 28U.S.C.§1391(b) and (c).

## JURY DEMANDED

10. Plaintiffs demanded trial by jury in this action on each and every one of the claims.

## PARTIES

11. Plaintiff, Sheng-Wen Cheng, is a 26-years-old Taiwanese nationality federal prisoner with an immigration detainer but without a final order of removal/deportation. Who currently is under the custody of Defendant United States of America, subjecting to Defendant's policies, practices, and/or customs described herein.

12. Defendant, United States of America, is the federal government that implements the policies, practices, and/or customs described herein.

## CLASS ACTION ALLEGATIONS

13. Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, the named Plaintiff seeks to represent a certified Plaintiff class consisting of all federal prisoners with immigration detainer but without a final order of removal/deportation; who have been or will be subject by Defendant United States of America's policies, practices, and/or customs of barring removable/deportable aliens to apply FSA earned time credits to their sentences, and failing to ensure the immigration removal proceedings to initiate at a date as early as possible during the prisoners' incarcerations, in violation of the APA and the Equal Protection Clause of the Fifth Amendment.

14. The members of the class are so numerous as to render joinder impracticable. Based on information made publicly avaliable by the Federal Bureau of Prisons, thousands of federal prisoners currently have immigration detainer but without a final order of removal/deportation.

15. In additions, joinder is impracticable because, on information and belief, many members of the class are not aware of the facts that their rights have been violated, and that they have the right to seek redress in court. Many members of the class are without the means to retain an attorney to represent them in a civil lawsuit. Moreover, many class members who have been victimized by Defendant United States of America's unconstitutional actions do not bring individual claims for fear of retaliation and reprisals by Defendant.

16. Also, joinder is impracticable because, on information and belief, many class members do not understand English. There is no appropriate avenue for the protection of the class members' rights other than a class action.

17. The class members share a number of questions of law of fact in common, including, but not limited to:

   (a) whether the Defendant engages in a policy, practice, and/or custom of failing to apply FSA earned time credits to the Plaintiffs' sentences, is being done in contrary to established federal law, exceeding its statutory authority, and violating the equal protection required by the Fifth Amendment;

   (b) whether the Defendant engages in a policy, practice, and/or custom of failing to ensure that any removable or deportable aliens who seek to earn time credits are subject to immigration removal proceedings as early as possible during their incarcerations, is being done in contrary to established federal law, and exceeding its statutory authority.

18. The named Plaintiff's claims are typical of those of the class. Like the other members of the class, the named Plaintiff has been victim of the Defendant's policies, practices, and/or customs described herein, and the Defendant has continued to implement those policies, practices, and/or customs in violations of the APA and the Fifth Amendment to the United States Constitution.

19. The legal theories under which the named Plaintiff seeks declaratory and injunctive relief are the same or similar to those on which all members of the class will rely, and the harms suffered by the named Plaintiff are typical of the harms suffered by the class members.

20. The named Plaintiff has a strong personal interest in the outcome of this action, has no conflicts of interest with members of the class. The named Defendant is a federal prisoner with an immigration detainer but without a final order of removal/deportation, and is currently under the custody of the Defendant that deploys and conducts the policies, practices, and/or customs described herein. As long as the Defendant continues to engage in its polices, practices, and/or customs described herein, the named Plaintiff is, and will remain, suffer irreparable harms caused by the Defendant's actions and decisions. The named Plaintiff is seeking compensatory and punitive damages only on an individual bases.

21. The named Plaintiff seeks to file a motion for an appointment of counsel to this Court to have experienced civil counsel who has lititgated a wide range of class action lawsuits, and has the resources, expertise, and experience to prosecute this action.

22. The Plaintiff class should be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, because the Defendant has acted on grounds applicable to the class, thereby making class-wide declaratory and injunctive relief appropriate.

STATEMENT OF FACTS

23. On August 18, 2020, Plaintiff, Sheng-Wen Cheng, was arrested by FBI agents at his apartment building in Manhattan, New York, for Major Fraud against the United States, Bank Fraud, Securities Fraud, and Wire Fraud.

24. On August 20, 2020, Plaintiff, Sheng-Wen Cheng, was lodged against an immigration detainer by the Immigration and Custom Enforcement ("ICE") because of lacking immigration status or notwithstanding such status is removable under U.S. immigration law.

25. On October 9, 2022, Plaintiff, Sheng-Wen Cheng, received a "FSA Time Credit Assessment" that indicated the Plaintiff is not eligible to apply FSA time credits.

26. Till present, ICE has not initiated any removal proceedings for the Plaintiff since his arrest and conviction on August 11, 2021.

COUNT I
(Claim of Named Plaintiff and Class Members Pursuant to 5U.S.C.§701
Against the Defendant for violations of
the Administrative Procedure Act)

27. Incorporate paragraphs 1 though 26.

28. Defendant United States of America, has implemented, enforced, encouraged, and sanctioned a policy, practice, and/or custom of barring the named Plaintiff and the members of the Plaintiff class from applying FSA earned time credits to their sentences, in contrary to established federal law and exceeding its statutory authority.

29. Defendant United States of America, has implemented, enforced, encouraged, and sanctioned a policy, practice, and/or custom of failing to ensure the immigration removal proceedings to initiate at a date as early as possible during the named Plaintiff and the members of the Plaintiff class' incarcerations, in contrary to established federal law and exceeding its statutory authority.

30. Defendant United States of America, has made arbitrary and capricious decisions to the named Plaintiff and the members of the Plaintiff class. As a direct and proximate result of the acts of the Defendant, the APA right of the named Plaintiff and other class members have been violated. 5U.S.C.§706(2)(A) allows this Court to set aside an agency action if it is arbitrary, not in accordance with law, capricious, an abuse of discretion, or otherwise.

31. Defendant United States of America's decisions present a real and immediate threat exists that the APA right of the named Plaintiff and other class members will continued to be violated by the Defendant. The named Plaintiff and other class member can not alter their behaviors to avoid the arbitrary and capricious decisions made by the Defendant.

32. The named Plaintiff and other members of the class have no adequate remedy at law and will suffer serious and irreparable harm to their APA right unless the Defendant is enjoined from continuing the policies, practices, and/or customs described herein that have directly and proximately caused such harms.

COUNT II
(Claims of Named Plaintiff and Class Members Pursuant to 28U.S.C.§2331 Against the Defendant for Violation of the Equal Protection Clause)

33. Incorporate paragraphs 1 through 26.

34. Defendant United States of America, has implemented, enforced, encouraged, and sanctioned a policy, practice, and/or custom of barring the named Plaintiff and members of the Plaintiff class from

applying FSA earned time credits to their sentences, without the equal treatment required by the Fifth Amendment, and discriminate solely based on their alienage. The action described herein is being conducted predominantly on the basis of alienage profiling. As a result, the Defendant's policy, practice, and/or custom violate the Equal Protection Clause of the Fifth Amendment.

35. Defendant United States of America, has acted with deliberate indifference to the Fifth Amendment right of the named Plaintiff and members of the Plaitiff class. As a direct and proximate result of the aforesaid acts of the Defendant, the Fifth Amendment right of the named Plaintiff and members of the Plaintiff class has been violated.

36. It is unclear why Defendant United States of America, would not allow the named Plaintiff and members of the Plaintiff class to apply FSA earned time credits to their sentences, just like the other similar situated federal prisoners (who are eligible) without immigration detainer. The immigration authority or ICE can just assume custody of the named Plaintiff and members of the Plaintiff class at the new release date. Applying FSA earned time credits does not in any way gives the named Plaintiff and members of the Plaintiff class a chance to escape.

37. Defendant United States of America's decision presents a real and immediate threat exists that the Fifth Amendment right of the named Plaintiff and members of the Plaintiff class will continued to be violated by the Defendant. The named Plaintiff and other class members can not alter their behaviors to avoid the unconstitutional decision made by the Defendant.

38. The named Plaintiff and members of the Plaintiff class have no adequate remedy at law and will suffer serious and irreparable harm to their Fifth Amendment right unless the Defendant is enjoined from continuing the policy, practice, and/or custom described herein that has directly and proximately caused such harm.

**WHEREFORE**, the named Plaintiff and members of the Plaintiff class respectfully request that this Court will:

a) Issue an order certifying this action as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure in the manner described herein, with the named Plaintiff as the class representative;

b) Issue a class-wide judgement that the Defendant's policies, practices, and/or customs of barring federal prisoners with immigration detainer but without a final order of removal/deportation from applying FSA earned time credits to their sentences, and failing to ensure that the immigration proceedings to initiate at a date as early as possible during their incarcerations, violate the APA and the Fifth Amendment to the United States Constitution;

c) Issue and order for the following injunctive relief:

   (i) enjoining the Defendant from continuing its policy, practice, and/or custom of barring federal prisoners with immigration detainer but without a final order of removal/deportation from applying FSA earned time credits to their sentences;

    (ii) enjoining the Defendant from continuing its policy, practice, and/or custom of failing to ensure to initiate immigration removal proceedings as early as possible during the prisoners' incarcerations;

    (iii) requiring the Defendant to institute and implement improved policies and programs that comply with established federal law, and within its statutory authority;

    (iv) requiring the Defendant to monitor its improved policies and programs with appropriate and adequate supervisions;

    (v) requiring the Defendant to periodically and regularly review and update the improved policies and programs to determine whether the improved policies and programs have comported with Constitutional requests.

d) Award named Plaintiff, Sheng-Wen Cheng, service fees based on the contribution to the members of the class, to be determined at trial;

e) Award named Plaintiff, Sheng-Wen Cheng, compensatory damages in amounts that are fair, just, and reasonable, to be determined at trial;

f) Award named Plaintiff, Sheng-Wen Cheng, damages against Defendant United States of America, in an amount which is fair, just, and reasonable designed to punish and deter said reprehensible conducts, to be determined at trial;

g) Award all Plaintiffs, including the members of the class, reasonable attorney's fees pursuant to 42U.S.C.§1988;

h) Award all Plaintiffs, including the members of the class, costs of the suit pursuant to 42U.S.C.§§1920 and 1988; and

i) Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: December 5, 2022

Respectfully Submitted,

Sheng-Wen Cheng
05261-509-K1
FCI Sandstone
P.O. Box 1000,
Sandstone, MN, 55072

Sheng-Wen Cheng #05261-509-kl
Federal Correctional Institution Sandstone
P.O. Box 1000,
Sandstone, MN, 55072



⇔05261-509⇔
Daniel Patrick
Moynihan U.S. Courthouse
500 Pearl ST
NEW YORK, NY 10007
United States

USM P3
SDNY