UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHENG-WEN CHENG,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant.

22-CV-10536 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

    Plaintiff Sheng-Wen Cheng, who is currently incarcerated at the Federal Correctional Institution Sandstone, in Sandston, Minnesota, brings this *pro se* action challenging a federal policy which allegedly bars federal prisoners with immigration detainers, who are awaiting a final order of removal, to earn time credits under the First Step Act ("FSA"). Plaintiff challenges the constitutionality of this policy, claiming it violates the Equal Protection Clause of the Fifth Amendment, and he seeks relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 703. Plaintiff styles his submission as a class action lawsuit.[1]

    As set forth below, the Court orders service on Defendant United States.

## BACKGROUND

    On August 18, 2020, Plaintiff was arrested on federal charges at his apartment in Manhattan. (ECF 2, at 6.) Two days later, the Department of Homeland Security, Immigration

---

[1] As a nonlawyer, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'").

and Custom Enforcement ("ICE") lodged an immigration detainer, based on Plaintiff's immigration status. (*Id.* at 7) On August 19, 2021, a judgment of conviction was filed in this court, in which Plaintiff was convicted of major fraud against the United States, bank fraud, and security fraud; he was sentenced to 72 months' incarceration. *See United States v. Cheng*, No. 21-CR-0261 (S.D.N.Y. Aug. 19, 2021).

On October 9, 2022, Plaintiff received a "FSA Time Credit Assessment," which indicated that he was not eligible to apply for FSA time credits. (ECF 2, at 7.) As of the filing of this action, ICE has not initiated removal proceedings. (*Id.*)

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant United States through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the United States.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for the United States, complete the USM-285 form with the address for this Defendant, mark the box on the USM-285 form labeled "Check for service on U.S.A.," and and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:  January 9, 2023
        New York, New York

_____
Vernon S. Broderick
United States District Judge

## DEFENDANT AND SERVICE ADDRESSES

1. United States
   Merrick Garland, Attorney General of the United States
   U.S. Department of Justice
   950 Pennsylvania Avenue
   Washington, DC 20530

2. United States Attorney's Office
   Southern District of New York
   Civil Division
   86 Chambers Street / 3rd Floor
   New York, NY 10007