```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
SHENG-WEN CHENG,                                           :
                                                           :
                              Plaintiff,                   :
                                                           :          22-CV-10536 (VSB)
              -against-                                    :
                                                           :                ORDER
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :
                              Defendant.                   :
                                                           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On June 8, 2023, Plaintiff filed an amended complaint.[1]  "[W]hen a plaintiff properly amends [a] complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020).  Accordingly, it is hereby:

ORDERED that Defendant shall file a letter by June 21, 2023, stating whether its motion to dismiss should be deemed moot without prejudice to refile a new motion to dismiss in accordance with Federal Rule of Civil Procedure 15(a)(3), or if I should evaluate Defendant's current motion to dismiss in light of the facts alleged in the amended complaint.

SO ORDERED.

Dated: June 14, 2023
       New York, New York

Vernon S. Broderick
United States District Judge

---

[1] As the United States filed a motion to dismiss on April 10, 2023, (Doc. 22), and the amended complaint was filed more than 21 days after that motion, Cheng's amended complaint could technically only be filed with the Court's leave or with the consent of the opposing party.  Fed. R. Civ. P. 15(a)(2).  In light of Plaintiff's *pro se* status and Fed. R. Civ. P. 15(a)(2)'s requirement to "freely give leave [to amend] when justice so requires" I do not find that it would be appropriate to bar the filing of this amended complaint.